1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          EASTERN DISTRICT OF CALIFORNIA
10
11  TINA MARTINEZ,                              Case No. 1:24-cv-01228-JLT-CDB

12          Plaintiff,

13      v.                                      ORDER CONSOLIDATING ACTIONS
                                                PURSUANT TO FED. R. CIV. P. 42(a)
14  LVNV FUNDING LLC, *et al.*,

15          Defendants.

16  _____
                                                Case No. 1:24-cv-01597-JLT-CDB
17  TINA MARTINEZ,

18          Plaintiff,                          ORDER CONSOLIDATING ACTIONS
                                                PURSUANT TO FED. R. CIV. P. 42(a)
19      v.

20  LVNV FUNDING, LLC, *et al.*,

21          Defendants.

22  _____

23

24      **Background**

25          On October 10, 2024, Plaintiff Tina Martinez ("Plaintiff") initiated an action with the filing of

26  a complaint against LVNV Funding, LLC ("LVNV") and Credit Control, LLC.  Case No. 1:24-cv-

27  01228-JLT-CDB ("Action 1228") (Doc. 1).  On December 30, 2024, Plaintiff initiated another action

28  against LVNV and a separate party, Financial Recovery Services, Inc.  Case No. 1:24-cv-01597-JLT-

                                        1

CDB ("Action 1597") (Doc. 1).  On January 3, 2025, the Court ordered Plaintiff to show cause why Action 1597 should not be dismissed as duplicative of the earlier-filed action.  (Action 1597, Doc. 4). On January 4, 2025, Plaintiff filed a response asserting that Action 1597 was not duplicative of Action 1228 because "it does not stem from the same nucleus of facts – different alleged debt, different letter, and different asserted facts … different defendants." (Action 1597, Doc. 5 at 2).  Plaintiff stated that, for these reasons, she did not believe it appropriate to seek leave to amend Action 1228.  *Id.*

### Discussion

When multiple actions pending before a court involve common questions of law or fact, the court may order a joint hearing or trial of any or all matters at issue in the actions; consolidate the actions; and/or issue any other orders to avoid unnecessary cost or delay.  Fed. R. Civ. P. 42(a). The court has "broad discretion" to determine whether and to what extent consolidation is appropriate and may under take consolidation *sua sponte*.  *See Garity v. APWU Nat'l Labor Org*., 828 F.3d 848, 855-56 (9th Cir. 2016) (citing *Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)); *In re Adams Apple, Inc*., 829 F.2d 1484, 1487 (9th Cir. 1987) (court may consolidate actions *sua sponte*).  "Typically, consolidation is a favored procedure."  *Blount v. Boston Scientific Corporation*, No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, *2 (E.D. Cal. Aug. 21, 2019) (citing *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig*., 282 F.R.D. 486, 491 (C.D. Cal. 2012)).  In deciding whether to consolidate actions, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

Here, based on the Court's review of the pleadings in both actions, the Court finds there are significant and substantial common issues of fact and law that warrant consolidation under Rule 42(a) and Local Rule 123.

Both actions assert substantially similar facts, arising out of alleged sham declarations utilized by Defendant LVNV through Credit Control, LLC, and Financial Recovery Services, Inc., to collect on consumer debts.  *See* (Action 1228, Doc. 1); (Action 1597, Doc. 1).  Credit Control, LLC, is further alleged as majority-owned by Resurgent Strategic Investments, LLC.  *Id.* at 26-27.  Resurgent

Strategic Investments, LLC, and LVNV are part of an alleged larger group of roughly two dozen companies all owned by a single individual, Bryan Faliero, who is president and CEO of Resurgent Capital Services, LP, the entity which controls the aforementioned companies (the "Resurgent entities"). *Id.* at 6-7. Financial Recovery Services, LLC, is alleged to be a separate company with a principal place of business in Eagan, Minnesota, that also engages in consumer debt collections. (Action 1597, Doc. 1 at 5).

In addition to a common defendant in LVNV, it appears to the Court that these two actions share common questions of fact and law, with both actions asserting ten causes of action, all of which arise out of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, and Fair Debt Buying Practices Act. *See id.*; (Action 1228, Doc. 1). The relief requested in both complaints is identical. *Id.* Currently, both actions are in a similar procedural posture, with the initial scheduling conference pending in each. The two counsels who have appeared in Action 1597 have also appeared in Action 1228. Absent consolidation, the Court would anticipate addressing substantially similar issues in each case involving discovery, motion practice, and pre-trial proceedings, as well as in trial itself. It follows that consolidation would likely expedite the litigation, rather than cause any delay. The questions presented do not evidence a high likelihood of confusion and the parties involved are relatively few. The Court cannot discern any resulting prejudice to any of the parties due to consolidation and, further, consolidation will avoid the risk of inconsistent verdicts in related cases.

Finally, the benefit of consolidation would reduce the burden on judicial resources, the parties, and any potential witnesses, eliminate the risk of inconsistent adjudications, avoid prejudice, and allow for the orderly and expeditious resolution of all cases. If, at some point in the future, the actions change in a manner sufficient to where the parties believe they will be prejudiced, they may file a motion for severance.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The following actions are CONSOLIDATED under Rule 42(a) for all purposes:

    a. The lead case, *Martinez v. LVNV Funding, LLC, et al.*, Case No. 1:24-cv-01228-JLT-CDB;

    b. *Martinez v. LVNV Funding, LLC, et al.*, Case No. 1:24-cv-01597-JLT-CDB.

2. All further filings in this consolidated action shall be made in lead case *Martinez v. LVNV Funding, LLC, et al.*, Case No. 1:24-cv-01228-JLT-CDB.

3. All parties are directed to file a joint scheduling report in advance of the initial scheduling conference in *Martinez v. LVNV Funding, LLC, et al.*, Case No. 1:24-cv-01228-JLT-CDB, set for February 12, 2025, at 9:30AM, providing consolidated dates in accordance with the instructions issued by the Court. (Doc. 3).

4. The Clerk of the Court is directed to close *Martinez v. LVNV Funding, LLC, et al.*, Case No. 1:24-cv-01597-JLT-CDB.

IT IS SO ORDERED.

Dated: **January 29, 2025**

UNITED STATES MAGISTRATE JUDGE

4